UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:05-CV-73-M

ROBERT RAY WILSON                                                        PLAINTIFF

v.

MILES HART, JAILER, et al.                                      DEFENDANTS

**MEMORANDUM OPINION**

      Plaintiff, Robert Ray Wilson, *pro se*, seeks damages from three government defendants[1] under 42 U.S.C. § 1983 for claims related to the conditions of his confinement in the Henderson County Detention Center, allegations including slip-and-fall injuries and inadequate medical care. This matter is before the Court for screening, pursuant to 28 U.S.C. § 1915A. The Court will dismiss the complaint for failure to state a claim on which relief may be granted.

**I.**

      When a prisoner commences a civil action against a government entity, officer, or employee, the district court must review the complaint, before service of process on the defendants, to identify "cognizable claims" and to dismiss any portion of the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

      The district court must liberally construe the allegations in a light most favorable to the plaintiff and accept all factual allegations as true. *Prater v. City of Burnside*, 289 F.3d 417, 424

---

[1] Included as a party is the president of Southern Healthcare Partners, a private entity allegedly under contract with the county government to provide healthcare services to inmates. Government contractors may be sued under § 1983 in the same respect as government defendants. *West v. Atkins*, 487 U.S. 42, 54 (1988); *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993).

(6th Cir. 2002). The district court better serves "substantial justice" by examining the "thrust, not just the text," of *pro se* litigants' allegations. *Burton v. Jones*, 321 F.3d 569, 573-74 (6th Cir. 2003). Although the court holds *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers, the district court is under no duty to conjure up unpled allegations. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

A complaint fails to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). The complaint must contain more than bare legal conclusions. *Lillard v. Shelby County Board of Education*, 76 F.3d 716, 726 (6th Cir. 1996). The complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988); *see also Rizzo v. Goode*, 423 U.S. 362, 375 (1976).

**II.**

Plaintiff challenges the conditions of his confinement, particularly medical care, as a pretrial detainee in the Henderson County Detention Center, where he entered custody apparently with a cast on a fractured, right wrist. He files this 13-page complaint, with a 49-page attachment, from the Kentucky State Reformatory.

Plaintiff alleges he received inadequate medical care for the following complaints, listed chronologically: 1) a left shoulder injury from a slip and fall on a wet floor in his cell while attempting to climb into a top bunk with a cast on his right wrist; 2) a lesion on the neck, diagnosed and treated as staff infection and which resulted in a permanent scar; and 3) a right

shoulder injury, possibly a rotator cuff injury, from a slip and fall in a segregation cell.  Plaintiff further alleges he was denied surgical repair of the fractured wrist and that this, along with unsafe prison conditions, including bunk assignments, cell assignments, and delayed medical care, contributed to his slip-and-fall injuries.

Plaintiff names as Defendants, Miles Hart, in his individual and official capacities as Jailer of the Henderson County Detention Center, and Jeffrey Reasons, President, Southern Health Partners, a contract provider of healthcare services at the jail.

Plaintiff seeks $100,000 in punitive damages and medical expenses.

Plaintiff further seeks to amend the complaint to name additional defendants.

### III.

Section 1983 provides civil remedies to individuals who suffer injury because their federal rights were violated by a person acting "under color of [state] law."  42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).  An essential element of a § 1983 claim is the deprivation of a federal statutory or constitutional right.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978); *Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340,351 (6th Cir. 2001).

### A.  Medical Claims:

An inmate's right to medical care, generally, arises under the Eighth Amendment, which prohibits the infliction of cruel and unusual punishment.[2]  *Estelle v. Gamble*, 429 U.S. 97 (1976) (stating that the Eighth Amendment prohibits penal measures that involve the unnecessary and wanton infliction of pain); *Napier v. Madison County*, 238 F.3d 739 (6th Cir. 2001).  On the

---

[2] Substantive protection under the Due Process Clause of the Fourteenth Amendment affords pretrial detainees with the right against deliberate indifference to serious medical needs, a right analogous to those rights convicted persons enjoy under the Eighth Amendment.  *Block v. Rutherford*, 468 U.S. 576, 583 (1984); *Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir. 2001).

3

merits of a medical claim, however, prisoners typically face a high hurdle.

"In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 105-06. The Eighth Amendment neither guarantees that prisoners will have unqualified access to health care, *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor imposes a duty equivalent to state-law liability for medical malpractice, *Estelle*, 429 U.S. at 106. Thus, mistake, inadvertence, even negligence fall short of deliberate indifference. *Id.*

A medical decision whether a particular diagnostic tool or form of treatment is indicated does not represent cruel and unusual punishment. *Id.* at 107. The medical treatment at issue must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or [to be] intolerable to fundamental fairness." *Terrrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 844 (6th Cir. 2002). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also Durham v. Nu'man*, 97 F.3d 862, 869 (6th Cir. 1996).

Here, the complaint fails to state a claim of deliberate indifference. The documentation attached to the complaint establishes that Plaintiff was receiving medical attention, including doctor examinations and prescription medications for his medical complaints. (DN #1 Compl., Attach. #1, Exhibit pp. 36-44.) Allegations of inadequate medical care or a dispute over what treatment should be prescribed fails to state a claim of deliberate indifference. Plaintiff's disagreement with medical treatment decisions does not rise to the level of a constitutional

4

claim.

## B.  Conditions of Confinement Claims:

The Eighth Amendment likewise prohibits conditions of confinement that involve the wanton and unnecessary infliction of pain.  *Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981).  "But conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional.  To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.  The Amendment prohibits, therefore, only those conditions that deny the "minimal civilized measure of life's necessities."  *Id*. at 347; *Hadix v. Johnson*, 367 F.3d 513 (6th Cir. 2004); *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001) (holding that temporary inconveniences such as a flooded cell and upper bunk assignment did not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities).

Although Plaintiff describes uncomfortable, arguably harsh, conditions at the Henderson County Detention Center, none of the allegations fall within the ambit of conduct or conditions that run afoul of the Eighth Amendment.  Plaintiff's continual efforts to retain a lower bunk assignment on the basis of his maladies and his frustration with allegedly poor communication between officials on the subject are claims, notwithstanding their injurious effect Plaintiff alleges, that fall a degree or two below a constitutional claim.  The complaint contains no allegations that Plaintiff was deprived of the minimal measure of life's necessities.

Because Plaintiff cannot under any set of facts alleged in the complaint state an Eighth Amendment claim, the Court will dismiss the complaint by separate order.  Moreover, the Sixth Circuit Court of Appeals holds that § 1915A does not permit a prisoner an opportunity to amend

or to supplement the complaint to avoid *sua sponte* dismissal. *McGore*, 114 F.3d at 612. The Court will therefore deny Plaintiff's motion to amend.

  The Court will enter an Order consistent with this Memorandum Opinion.

  Dated:

cc: Plaintiff, *pro se*

4414.007